## EAST CLEVELAND (City), Plaintiff-Appellee, v. FERELL, Defendant-Appellant.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24072.   Decided October 2, 1957.

Stanley G. Webster, for plaintiff-appellee.
Woodle & Wachtel, Edwin F. Woodle, of Counsel, for defendant-appellant.

## OPINION

By SKEEL, J:

This appeal is in this court on questions of law from a judgment of guilty entered by the trial judge upon trial of the defendant on a charge of speeding. The defendant, after this court entered a judgment affirming the decision of the trial court, filed an application for rehearing, basing such claim on the failure of this court to give consideration to the appellant's claim that the electrical timing of the speed of the defendant's vehicle was not established to have been accurately applied, and that the court "subordinated the application of established legal principles to expediency or to what may appear to be a matter of public convenience."

The assertion of the defendant that it is legally impossible to "determine the speed of a motor by some mechanical device located outside of that vehicle," the quotation from defendant's brief undoubtedly having reference to traffic control by electrical speed meters called "radar," is without any foundation in law. This means of controlling the

dangers caused by speeding motorists on our highways is recognized by the statutes of this State. **Sec. 4511.091 R. C.,** effective October 16, 1953, provides for "Radar or electrical speed control; warning signs."

In the case of State v. Dantonio, 18 N. J. 570, 115 A 2d 35, the Supreme Court of New Jersey gave careful consideration to the whole question, citing many authorities. The second and third paragraphs of the syllabus provide:

"2. Evidence of radar speedmeter readings should be received in evidence in prosecutions for speeding upon a showing that the speedmeter was properly set up and tested by police officers without any need for independent testimony by electrical engineers as to its general nature and trustworthiness.

"3. In prosecution for speeding, readings of radar speedmeter were not conclusive, but merely constituted admissible evidence to be weighed by trier of facts along with all other evidence which was logically relevant, and possibility of error in operation of speedmeter would not wholly deny admissibility of speedmeter readings, but would simply affect their weight."

And on page 579 of the opinion, beginning with a quotation from an article by Professor Woodbridge, the court said:

"Under the Uniform Rules of Evidence, already approved by the American Bar Association at its 1953 meeting, judicial notice 'shall be taken without request by a party * * * of such specific facts and propositions of generalized knowledge as are so universally known that they cannot reasonably be the subject of dispute.' Radar speed meters are now in this category. Why should the time of experts be wasted and the expenses of litigation be increased by compelling such men to appear in court after court telling the same truths over and over? While it is agreed that every reasonable doubt about the accuracy of new developments should promptly be resolved against them in the absence of expert evidence, there is no longer any such doubt concerning radar. Rather, the applicable maxim should now be, 'What the world generally knows a court of justice may be assumed to know.' "

"See also Baer, supra, at 381 where Professor Baer, a member of the New Jersey bar and the faculty of the University of North Carolina School of Law, expressed the view that there was now 'more than adequate knowledge of the operation and accuracy of radar speedmeters in the area of science to which these devices belong to warrant their being accorded judicial recognition without the aid of expert testimony or legislative direction.' "

One of the greatest dangers on the public highway, next to driving a motor vehicle while under the influence of intoxicating liquor, is driving in excess of a reasonable speed. The law must meet this danger in a forthright manner. The speeder's conduct requires drastic action. The apprehension of violators must be accomplished with reasonable certainty and insofar as possible with reasonable accuracy. If science can point the way to a safer way of enforcing the speed law by an accurate mechanical device to replace the use by traffic officers of the bicycle, the motorcycle and the automobile, all of which enhance the dangers of

lawful street uses as well as the officers in pursuit of a violator to make an arrest, it must do so.

All that remains of the defendant's argument in this case is as to whether or not there is evidence in the record by which the court could find beyond a reasonable doubt that defendant, in the operation of his motor vehicle, exceeded a reasonable speed. The record presents considerable credible evidence that the device used was tested for accuracy by one who was competent to make the tests and to testify on the subject. Under these circumstances, the defendant's claims are wholly unwarranted and without legal foundation, and his application for rehearing is dismissed.

Exceptions noted.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.